UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA DENICE ADAMS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                  /

Case No. 10-cv-10022

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** (docket no. 17)**, DENYING ADAMS' MOTION FOR SUMMARY JUDGMENT** (docket no. 11)**, AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** (docket no. 16)

On November 30, 2010, a magistrate judge issued a Report and Recommendation in this appeal of the Social Security Commissioner's decision to deny disability insurance benefits ("DIB") and supplemental security income benefits ("SSIB") to Adams. He recommended granting the Commissioner's motion for summary judgment, denying Adams' motion for summary judgment, and affirming the Commissioner's findings. Adams has not filed objections to this disposition within fourteen days of service, as required by 28 U.S.C. § 636(b)(1).[1] After a review of the record, the Court finds no legal error in the magistrate judge's analysis of this case, and will adopt his Report and Recommendation.

Review of decisions on dispositive motions made by a magistrate judge is governed by Fed. R. Civ. P. 72(b). The district judge who referred the motion is only *required* to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ.

---

[1] As the Report and Recommendation noted, Adams' failure to object timely results in a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 155 (1985).

P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the Report and Recommendation on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, [failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). After its own review, the Court agrees with the conclusions of the Report and Recommendation, but adds the following observations as to why the conclusions are proper.

Adams' sole point of contention on appeal is the hypothetical skill-set description the Commissioner's administrative law judge ("ALJ") provided to a vocational expert ("VE"), with regards to Adams' future work prospects. In "step five" of the disability analysis, an ALJ is required to determine "if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience." 20 C.F.R. § 404.1520(a)(4)(v). A VE's opinion that other work possibilities for the applicant exist, supported by a hypothetical that accurately describes the applicant's condition, is considered substantial evidence supporting a denial of disability benefits. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

The hypothetical the ALJ posed to the VE described a person who could perform work "limited to simple, routine and repetitive tasks; employed in a low stress job as defined as only occasional decision making and only occasional changes in the work setting, only occasional interaction with the public, only occasional interaction with coworkers, and that would be with no tandem tasks." Report & Recommendation 11, Docket No. 17 (quoting R. 43). Adams contends this description did not sufficiently account for her mental

2

condition. She points to the ALJ's finding, in "step two" and "step three"[2] of the five-step procedure for evaluating disability in benefits cases, that she had "moderate difficulties in maintaining concentration, persistence, and pace" in daily life, that the hypothetical failed to adequately capture. R. 15.

While dressed as a "legal" argument — ie, the failure to specify an inability to concentrate for prolonged periods must be mentioned in the hypothetical in order for the VE's determination to be valid — Adams' objection is really directed at the ALJ's conclusions of fact in regard to her condition. The psychological assessment Adams focuses on claims, in its "summary conclusions," that she had a moderate limitation in "concentration, persistence, and pace." The report goes on to conclude, based on the totality of her conditions, that Adams is "able to handle most activities of daily living," and that her "limitations do not appear to interfere with the potential for task activities that are simple in nature." Tr. 345–46. The ALJ's hypothetical, based on his weighing of this evaluation alongside other evidence other evidence, asked the VE to identify potential jobs that he believed were appropriate for someone with Adams' condition, including appropriate limitations designed to address concentration lapses.[3] When an ALJ goes beyond the

---

[2] "Step two" requires a showing that the claimant has a "severe impairment" that limits their ability to work. "Step three" establishes a conclusive presumption of disability if a plaintiff can show that they are not engaged in "substantial gainful activity" and has a severe impairment listed in the regulations that is expected to last for at least a year. Report & Recommendation 6 (citing 20 C.F.R. § 404.1520(a)(4)(v)).

[3] This case is distinguishable from *Benton v. Comm. of Social Sec.,* 511 F. Supp. 2d 842 (E.D. Mich. 2007), where the hypothetical only included the limitation on "simple, routine, repetitive tasks." *Benton*, 511 F. Supp. 2d at 845. Concentration disorders have two aspects: the frequency of concentration lapses, and the sophistication of the work that can be performed within the limitation. *Id.* at 846. The ALJ's hypothetical in this case includes practical limitations that would reduce the occasions for distraction during work, such as jugging multiple tasks and interacting with other workers. The magistrate judge was correct to find that the hypothetical accurately captured both aspects of concentration disorders.

"label" a psychologist gives to a person with difficulty concentrating, in order "to develop a complete and accurate assessment" of the patient's mental impairment and possible work opportunities, a VE's reliance on that description is substantial evidence supporting a denial of benefits. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *see also* Pl. Mot. Summ. J. 10 ("There is nothing talismanic about the term moderate difficulties with regard to concentration, persistence, or pace, and it is not suggested that a hypothetical must incorporate verbatim" language from a Psychiatric Review Technique form used by the ALJ in evaluating mental impairment). Plaintiff's challenge is really an attack on the ALJ's evaluation of Adams. That evaluation was supported by substantial record evidence, and it is therefore an inappropriate subject for review by a district court. *Longworth v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 2005).

**WHEREFORE**, it is hereby **ORDERED** that the Court **ADOPTS** the Report and Recommendation of the magistrate judge (docket no. 17). Accordingly, Adams' motion for summary judgment (docket no. 11) is **DENIED**, and the Commissioner's motion for summary judgment (docket no. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                                        s/Stephen J. Murphy, III
                                                        STEPHEN J. MURPHY, III
                                                        United States District Judge

Dated: January 6, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2011, by electronic and/or ordinary mail.

                                                        Alissa Greer
                                                        Case Manager